# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-855V
(not to be published)

| | | |
|---|---|---|
| CRAIG FISHER, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: May 8, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Andrew D. Downing*, Downing, Allison & Jorgenson, for Petitioner.

*Martin C. Galvin,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 14, 2020, Craig Fisher filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleges that he suffered from brachial neuritis following an influenza vaccine administered on January 19, 2018. Pet. at 1. A two-day Entitlement Hearing took place on April 13–14, 2023, and resolution of entitlement is still pending.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated April 21, 2023 (ECF No. 57) ("Mot."). It is the first fees request in this case. Petitioner seeks a total of $121,631.57 in attorney's fees and costs ($96,732.00 in fees, plus $24,899.57 in costs) for the work of several attorneys (Ms. Ann Allison, Mr. Andrew Downing, and Ms. Courtney

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has fourteen days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Vaccine rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Jorgeson) plus paralegals, from the time of the case's initiation through the recent date of the hearing. *Id*. at 4. Respondent reacted to the fees request of April 21, 2023. *See* Response, dated April 21, 2023 (ECF No. 58). Respondent defers the calculation of the amount to be awarded to my discretion and has not otherwise taken a position on the appropriateness of an interim award. *Id*. at 2–3. Petitioner did not file a Reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$121,631.57**.

## ANALYSIS

### I. Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human. Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Healty & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

While there is no presumption of entitlement to interim fees and costs awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000.00; 2) where expert costs are requested, if the aggregate amount is more than $15,000.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets these criteria: it has been pending for approximately three years, and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate. In addition, it is my practice to award interim fees after a trial is conducted, as has occurred. And no prior interim award has been issued.

### II. Calculation of Fees

Determining the appropriate amount of fees to be awarded is a two-part process. The first

part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her previous and current attorneys, based on the years work was performed:

| | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|
| **Ann Allison (Attorney)** | -- | -- | -- | -- | -- | $415.00 |
| **Andrew D. Downing (Attorney)** | $385.00 | $385.00 | $385.00 | $385.00 | $415.00 | $445.00 |
| **Courtney Jorgenson (Attorney)** | -- | -- | $275.00 | $275.00 | $325.00 | $345.00 |
| **Danielle P. Avery (Paralegal)** | $135.00 | $135.00 | $135.00 | $135.00 | $135.00 | $155.00 |
| **Robert W. Cain (paralegal)** | $135.00 | $135.00 | $135.00 | -- | -- | -- |
| **Alex Malvick (Paralegal)** | -- | -- | -- | -- | -- | $155.00 |

Ex. A at 1–31, 45–52.

Mr. Downing and Ms. Jorgeson practice in Phoenix, Arizona—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the rates established in *McCulloch*. *See Rich*

3

*v. Sec'y of Health & Hum. Servs.*, No. 12-742V, 2017 WL 1435879 (Fed. Cl. Spec. Mstr. Mar. 28, 2017). The rates requested for all attorneys and paralegals are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[3] *Thoma v. Sec'y of Health & Hum. Servs.*, No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022); *Sicard v. Sec'y of Health & Hum. Servs.*, No. 16-332V, 2021 WL 1305894, at *2–3 (Fed. Cl. Spec. Mstr. Feb. 10, 2021). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

### III.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $24,899.57 in outstanding costs, including the filing fee, postage, shipping, medical record retrieval costs, and costs associated with the work performed by a single expert, Peter-Brian Andersson, M.D. ECF No. 57-1 at 44, 53–57. Dr. Andersson reviewed Petitioner's medical records and relevant medical literature, authored two expert reports, and testified in the matter. Dr. Andersson submitted an invoice for an overall balance of $24,096.66 (at an hourly rate of $500.00 for a little over 48 hours of work). I find this amount reasonable, since his reports and testimony are proving helpful in determining the case, and I do not find any reason to make any reductions. In addition, all other incurred litigation costs are reasonable and typical in Program cases. Thus, they shall be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Interim Motion for Attorney's Fees and Costs, and award a total of **$121,631.57**, reflecting $96,732.00, in fees and $24,899.57 in costs, in the form of a check made jointly payable to Petitioner and his attorney, Mr. Andrew Downing. In

---

[3] OSM Attorneys' Forum Hourly Rate Fee Scheduling, https://www.uscfc.uscourts.gov/node/2914 (last visited May 1, 2023).

the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.